UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

JONATHAN JOSEPH GOOD #197972,	Case No. 2:21-cv-1

    Plaintiff,	Hon. Hala Y. Jarbou
                                            U.S. District Judge
v.

B. SPENCER, et al.,

    Defendants.
_____/

**REPORT AND RECOMMENDATION**

**I. Introduction**

This Report and Recommendation (R&R) addresses Plaintiff Johnathan Joseph Good's motion for a temporary restraining order (TRO) and a preliminary injunction. (ECF No. 23.)

Good filed his unverified complaint on January 4, 2021. (ECF No. 1.) Good alleges that the Defendant – Corrections Officer (CO) Spencer, a staff member at the Kinross Correctional Facility – retaliated against him by issuing him a false misconduct ticket. (*Id.*, PageID.3.) Good says that while he was in his cell, he was approached and told by another prisoner that CO Spencer was looking at prisoner files. (*Id.*, PageID.4.) Good immediately concluded that CO Spencer was looking at his prisoner file, so he headed toward CO Spencer. As he walked past the Prison Counselor's office, he observed CO Spencer reading his file. (*Id.*) Good then approached the officer's desk and complained that CO Spencer was reading confidential sections from Good's presentence investigation report. (*Id.*) Spencer

then approached Good and allegedly told him that "I can read any file I want." (*Id.*, PageID.5.) After Spencer saw that Good had obtained a grievance form, she stated "[w]hat's he doing, getting a grievance", and then twice accused Good of creating a disturbance. (*Id.*, PageID.6-7.) CO Spencer issued Good a misconduct ticket for creating a disturbance by using a loud voice in the H Unit lobby. (*Id.*, PageID.7.) After a hearing, Good was found guilty of excessive noise. (*Id.*, PageID.8.)

On August 16, 2021, Good filed this motion requesting a TRO and preliminary injunction to enjoin a nonparty – Mr. Li or anyone else from MDOC – "from rejecting copy loans for legal documentation" and the "Department from improperly compounding deductions, limiting any deduction to no more than that authorize at 50% of any thing over $50" and to allow family members to pay-off prisoners' institutional debt. (ECF No. 23, PageID.115-116.)

**II. Analysis**

Preliminary injunctions are "one of the most drastic tools in the arsenal of judicial remedies."[1] *Bonnell v. Lorenzo*, 241 F.3d 800, 808 (6th Cir. 2001) (quoting *Hanson Trust PLC v. ML SCM Acquisition Inc.*, 781 F.2d 264, 273 (2d Cir. 1986)). The issuance of preliminary injunctive relief is committed to the discretion of the district court. *Ne. Ohio Coal. v. Blackwell*, 467 F.3d 999, 1009 (6th Cir. 2006); *Nader v. Blackwell*, 230 F.3d 833, 834 (6th Cir. 2000). In exercising that discretion, a court

---

[1] Defendant's response argues that Good is not moving for a TRO or preliminary injunction and attempts to recharacterize his request as a writ of mandamus. (ECF No. 27, PageID.136.) The Court notes that Good has clearly moved for a TRO and a preliminary injunction and reviews the motion and request for relief asserted by Good, not the recharacterization of the motion as asserted by Defendant.

must consider whether plaintiff has established the following elements: (1) a strong or substantial likelihood of success on the merits; (2) the likelihood of irreparable injury if the preliminary injunction does not issue; (3) the absence of harm to other parties; and (4) the protection of the public interest by issuance of the injunction. *Id.* These factors are not prerequisites to the grant or denial of injunctive relief, but factors that must be "carefully balanced" by the district court in exercising its equitable powers. *Frisch's Rest., Inc. v. Shoney's, Inc.*, 759 F.2d 1261, 1263 (6th Cir. 1985); *Ne. Ohio Coal.*, 467 F.3d at 1009. Moreover, where a prison inmate seeks an order enjoining state prison officials, the court is required to proceed with the utmost care and must recognize the unique nature of the prison setting. *Glover v. Johnson*, 855 F.2d 277, 284 (6th Cir. 1988); *Kendrick v. Bland*, 740 F.2d 432, 438 n.3 (6th Cir. 1984). The party seeking injunctive relief bears a heavy burden of establishing that the extraordinary and drastic remedy sought is appropriate under the circumstances. *Overstreet v. Lexington-Fayette Urban Cnty. Gov't*, 305 F.3d 566, 573 (6th Cir. 2002); *Stenberg v. Cheker Oil Co.*, 573 F.2d 921, 925 (6th Cir. 1978).

Plaintiff's "initial burden" in demonstrating entitlement to preliminary injunctive relief is a showing of a strong or substantial likelihood of success on the merits of his Section 1983 action. *NAACP v. City of Mansfield, Ohio*, 866 F.2d 162, 167 (6th Cir. 1989). In the opinion of the undersigned, Good has not made that showing. Good merely repeats the allegations asserted in his complaint in his motion. Good has not met his burden of showing a strong or substantial likelihood of success on the merits of his retaliation claim against Defendant Spencer.

In addition, a party seeking a preliminary injunction must show a relationship between the irreparable injury claimed in the motion and the claims pending in his complaint. *Colvin v. Caruso,* 605 F.3d 282, 299-300 (6th Cir. 2010). A motion for preliminary injunction is not the means by which a plaintiff already in court on one claim can seek redress for all other conditions of confinement that he finds actionable. Simply put, a plaintiff is not entitled to a preliminary injunction on claims not pending in the complaint. *Ball v. Famiglio,* 396 F. App'x 836, 837 (3d Cir. 2010). Good has requested relief from non-parties in this case and the relief requested is unrelated to the retaliatory false misconduct claim asserted in the complaint.

Also, a plaintiff's harm from the denial of a preliminary injunction is irreparable only if it is not fully compensable by monetary damages. *Overstreet*, 305 F.3d at 578. Good is seeking damages in the amount of $141,500 and has failed to assert factors that establish that he will suffer irreparable harm in the absence of an injunction.

Finally, in the context of a motion impacting on matters of prison administration, the interests of identifiable third parties and the public at large weigh against the granting of an injunction. Any interference by the federal courts in the administration of state prison matters is necessarily disruptive. The public welfare therefore militates against the issuance of extraordinary relief in the prison context, absent a sufficient showing of a violation of constitutional rights. *Glover v. Johnson*, 855 F.2d 277, 286-87 (6th Cir. 1988). That showing has not been made here.

### III. Recommendation

Therefore, it is respectfully recommended that the Court deny Good's motion for a TRO and for a preliminary injunction. (ECF No. 23.)

NOTICE TO PARTIES:  Objections to this Report and Recommendation must be served on opposing parties and filed with the Clerk of the Court within fourteen (14) days of receipt of this Report and Recommendation.  28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b); W.D. Mich. LCivR 72.3(b).  Failure to file timely objections constitutes a waiver of any further right to appeal.  *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).  *See also Thomas v. Arn*, 474 U.S. 140 (1985).


Dated:   September 7, 2021                     /s/ *Maarten Vermaat*
                                                Maarten Vermaat
                                                U.S. MAGISTRATE JUDGE