UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

JONATHAN JOSEPH GOOD,

      Plaintiff,

v.

B. SPENCER, et al.,

      Defendants.
_____/

Case No. 2:21-cv-1

Hon. Hala Y. Jarbou

## **ORDER**

On September 7, 2021, the magistrate judge issued a Report and Recommendation (R&R, ECF No. 30) recommending that the Court deny Plaintiff Jonathan Joseph Good's motion for a temporary restraining order (TRO) and preliminary injunction (ECF No. 23). Before the Court is Plaintiff's objection to the R&R (ECF No. 39).

> The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions.

Fed. R. Civ. P. 72(b)(3).

Plaintiff filed his motion requesting a TRO and preliminary injunction to enjoin a nonparty "from rejecting copy loans for legal documentation," the Michigan Department of Corrections (MDOC) "from improperly compounding deductions, limiting any deduction to no more than that authorize[d] at 50% of any thing over $50," and to allow his family members to pay off his institutional debts. (Pl.'s Mot. for TRO, ECF No. 23, PageID.115-16.) The magistrate judge determined that Plaintiff failed to satisfy the burden of demonstrating entitlement to preliminary injunctive relief.

"[A] preliminary injunction is an extraordinary and drastic remedy, one that should not be granted unless the movant, *by a clear showing*, carries the burden of persuasion." *Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997) (quoting 11A C. Wright, A. Miller, & M. Kane, *Federal Practice and Procedure* § 2948 (2d ed. 1995)).  A court uses four factors in determining whether it should grant a preliminary injunction: "(1) whether the movant has a strong likelihood of success on the merits, (2) whether the movant would suffer irreparable injury absent [an injunction], (3) whether granting the [injunction] would cause substantial harm to others, and (4) whether the public interest would be served by granting the [injunction]."  *Ne. Ohio Coal. for Homeless & Serv. Emps. Int'l Union, Local 1199 v. Blackwell*, 467 F.3d 999, 1009 (6th Cir. 2006).  These factors are not prerequisites that must be met but are factors to be balanced.  *Frisch's Rest., Inc. v. Shoney's, Inc.*, 759 F.2d 1261, 1263 (6th Cir. 1985).  However, "even the strongest showing on the other three factors cannot 'eliminate the irreparable harm requirement.'" *D.T. v. Sumner Cnty. Schs.*, 942 F.3d 324, 326 (6th Cir. 2019) (quoting *Friendship Materials, Inc. v. Mich. Brick, Inc.*, 679 F.2d 100, 105 (6th Cir. 1982)).

"'[A] party moving for a preliminary injunction must necessarily establish a relationship between the injury claimed in the party's motion and the conduct asserted in the complaint.'" *Colvin v. Caruso*, 605 F.3d 282, 300 (6th Cir. 2010) (quoting *Devose v. Herrington*, 42 F.3d 470, 471 (8th Cir. 1994)).  "This is because '[t]he purpose of interim equitable relief is to protect the movant, during the pendency of the action, from being harmed or further harmed in the manner in which the movant contends [he] was or will be harmed through the illegality alleged in the complaint.'" *Id.* (citing *Omega World Travel, Inc. v. Trans World Airlines*, 111 F.3d 14, 16 (4th Cir. 1997)).

2

Plaintiff objects to the magistrate's findings and determination on several grounds. The first objection relates to the magistrate's characterization of Plaintiff's complaint as unverified. Plaintiff points to a "Declaration of Facts" that was attached to his complaint wherein Plaintiff attested under penalty of perjury the truth of the facts in the complaint. Plaintiff cites to it as "ECF No. 1, Page 13." (Pl.'s Obj. to R&R, ECF No. 39, PageID.267.) It seems that there may have been a filing issue as this page is found at PageID.43,[1] at the end of the exhibits attached to the complaint. Despite the misfiling, this declaration indicates that Plaintiff's Complaint is verified, and his objection is sustained.

Next, Plaintiff argues that the magistrate improperly "created and advanced entirely new opposition to [Plaintiff's] motion" despite the Defendants' attempt to recharacterize Plaintiff's motion as a writ of mandamus in their response. The magistrate properly addressed Plaintiff's motion in applying the factors stated above, as it is Plaintiff's burden to show that he is entitled to preliminary injunctive relief.

Plaintiff's following four objections relate to the magistrate's analysis of the preliminary injunction factors as applied to Plaintiff's motion. The Court will overrule these objections as Plaintiff has not met his burden in demonstrating irreparable harm in the absence of an injunction and is therefore not entitled to preliminary injunctive relief. Notably, as the magistrate points out, Plaintiff requests relief against non-parties for actions unrelated to the retaliatory false misconduct claim asserted in this case. Plaintiff essentially argues that his requested relief is related to this case because both involve his First Amendment rights.

In *Colvin*, Colvin had been an inmate within the MDOC and was removed from a kosher-meal prison policy after non-kosher protein powder was found in his possession. 605 F.3d at 286-

---

[1] This page is titled "Declaration of Facts" and is numbered "13" at the foot of the page in a similar manner as the Complaint which ends at "12."

87.  His request for injunctive relief was improper because he did not include that claim in his original complaint and he had "no grounds to seek an injunction pertaining to allegedly impermissible conduct not mentioned in his original complaint." *Id.* at 300.  Here, neither the actions of Mr. Li, the nonparty involved in rejecting copy loans for legal documentation, nor the MDOC's deduction policies are mentioned in Plaintiff's complaint.  Therefore, Plaintiff has no grounds to seek an injunction.

Accordingly,

**IT IS ORDERED** Plaintiff's objection (ECF No. 39) is **SUSTAINED IN PART AND OVERRULED IN PART**.  Plaintiff's objection is sustained insofar as it objects to the mischaracterization of his complaint as unverified.

**IT IS FURTHER ORDERED** that the R&R (ECF No. 30) is **APPROVED** and **ADOPTED** as the Opinion of the Court insofar as it denies Plaintiff's motion for temporary restraining order and preliminary injunction.

**IT IS FURTHER ORDERED** that Plaintiff's motion for a temporary restraining order (ECF No. 23) is **DENIED**.


Date:  January 31, 2022                       /s/ Hala Y. Jarbou
                                              HALA Y. JARBOU
                                              UNITED STATES DISTRICT JUDGE