UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

JONATHAN GOOD,

    Plaintiff,

v.

                                           Case No. 2:21-cv-1

BRIDGET SPENCER,
                                           Hon. Hala Y. Jarbou

    Defendant.
_____/

**ORDER**

This is a civil rights action filed by a prisoner claiming retaliation in violation of his First Amendment rights. The magistrate judge issued a Report and Recommendation (R&R, ECF No. 100) recommending that the Court grant Defendant's motion for summary judgment, deny Plaintiff's motion for summary judgment, and deny Plaintiff's motion to prohibit the use of video evidence submitted by Defendant. Before the Court are Plaintiff's objections to the R&R (ECF No. 104), to which Defendant has filed a response (ECF No. 107). For the reasons herein, the Court will deny the objections and adopt the R&R.

**I. Standard**

Under 28 U.S.C. § 636(b)(1) and Rule 72 of the Federal Rules of Civil Procedure, the Court must conduct *de novo* review of those portions of the R&R to which objections have been made. Specifically, the Rules provide that:

> The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions.

Fed. R. Civ. P. 72(b)(3).

## II. Plaintiff's Objections

### A. Objection 1

Plaintiff objects that the magistrate judge cited persuasive, non-binding precedent as authority for concluding that a frivolous grievance is not protected conduct, particularly cases indicating that a grievance may be frivolous where it is "de minimis." (R&R 10 (citing *Robinson v. Stephan*, 1:18-cv-166, 2018 WL 6444282, *3 (W.D. Mich. Dec. 10, 2018)).) But as Plaintiff notes, the Court of Appeals for the Sixth Circuit has not conclusively decided whether a "de minimis" grievance is frivolous. It was not improper for the magistrate judge to cite non-binding precedent as persuasive authority, particularly where there is no binding precedent directly on point.

### B. Objection 2

Plaintiff argues that Defendant "waived" the issue of whether his grievance was frivolous because that issue was not raised by prison officials when they responded to his grievance(s). No authority supports that proposition. The cases cited by Plaintiff indicate that, when examining whether a prisoner has properly exhausted his administrative remedies, the State can waive its objection to procedural deficiencies in a grievance by addressing the grievance on the merits. *See, e.g.*, *Reed-Bey v. Pramstaller*, 603 F.3d 322, 325-26 (6th Cir. 2010). In so doing, the State is effectively conceding that the prisoner has properly exhausted the claim raised in the grievance. Those cases do not hold that a prison official can waive substantive arguments in defense to a claim subsequently brought in litigation where those arguments were not raised during the grievance process. That would be a patently unfair rule because the prison officials named in a grievance typically are not the ones responding to it.

### C. Objection 3

Next, Plaintiff contends that his complaint about Defendant's use of profanity toward Plaintiff was protected conduct because Defendant's conduct violated the officer's handbook regarding the use of "abusive, threatening, or profane language or actions which degrade or belittle another person or group." (Pl.'s Objs. 13.) Defendant purportedly asked Plaintiff, "Who the fuck do you think [you're] talking to?" after Plaintiff asked why Defendant was closing the dayroom a few minutes early. (R&R 2.) It is not obvious that Defendant's statement violated that policy, but in any case, the Court agrees with the R&R that Plaintiff's complaint about it was frivolous. Although such language may have been rude or unprofessional, it could not have had any adverse impact on Plaintiff.

Plaintiff also contends that the magistrate judge failed to consider evidence that his complaint about Defendant's early closure of the dayroom was non-frivolous. Plaintiff points to a "custom and practice" of closing the dayroom at 3:55 pm, instead of at 3:47 pm, when Defendant closed it. (*See* Pl.'s Objs. 12.) Regardless, there is no genuine dispute that Defendant had the authority to close the dayroom a few minutes early and that doing so had no meaningful impact on Plaintiff.[1] Thus, any complaint about it was frivolous.

### D. Objection 4

Plaintiff contends that his request to file a grievance about Defendant's access to his prisoner file was protected conduct because it was against policy for Defendant to access it. In his

---

[1] Plaintiff argues for the first time in his objections that Defendant's actions caused Plaintiff to interrupt the printing of a document, forcing him to reprint it and causing wear and tear on his printer. Because Plaintiff did not present these issues to the magistrate judge, they are not properly before this Court. *See Murr v. United States*, 200 F.3d 895, 902 n.1 (6th Cir. 2000) ("[A]bsent compelling reasons, [the Magistrate Judge Act, 28 U.S.C. § 631 *et seq.*] does not allow parties to raise at the district court stage new arguments or issues that were not presented to the magistrate.").

3

objections, Plaintiff cites several policies, at least one of which the magistrate judge expressly discussed in the R&R.

In particular, Plaintiff relies upon KCF Operating Procedure ("OP") 01.04.130, which indicates that the prison maintains four files on each prisoner: (1) a "Record Office" file maintained by the "Record Office"; (2) a "Counselor File" maintained "by the counselor in the housing unit"; (3) "Medical Files" maintained "by Health Services"; and (4) "School Files" maintained "by School Personnel." (KCF OP 01.04.130, ECF No. 65-17, PageID.442.)

Plaintiff quotes the following provision in the OP:

> Prisoner files contain numerous documents which contain confidential information. Information from files may only be disclosed to Department Staff, the Attorney General's office, and law enforcement officials, pursuant to a court order and in accordance with PD 01.06.110, Freedom of Information Act (FOIA) – Access to Department Public Records.

(*Id.*) Plaintiff interprets this provision as providing for "a complete bar of staff's access to a prisoner file[.]" (Pl.'s Objs. 21.) That cannot be correct. Otherwise, no prison staff (including medical staff) would be able to access necessary information in a prisoner's file. The file at issue here is the "counselor file." What purpose would such a file serve if even the prisoner counselor could not access it as needed?

Plaintiff's interpretation is also inconsistent with other portions of the OP, which discuss how staff are to maintain and access the files. (*See, e.g.*, KCF OP 01.04.130, PageID.442 ("ARUS/RUM . . . [r]eviews files for appropriateness of transfer and determines if security and confinement levels are accurate.").) It is absurd to suggest that a housing officer must obtain a court order before performing such a review. As suggested by Defendant, the better interpretation of the provision cited by Plaintiff is that it refers to the process by which third parties (and staff, in some circumstances) obtain information from a prisoner's file through FOIA outside the usual course of the operation of the prison. In other words, "disclose" is the key word in the provision

4

above.  (*See* Mich. Dep't of Corrs. Policy Directive 01.04.130 ¶ F, ECF No. 65-18, PageID.446 ("Documents in a prisoner's commitment files are subject to *disclosure* under the Freedom of Information Act (FOIA) . . . .") (emphasis added).)  The provision is not a restriction on *access* by prison staff in connection with their job duties.  In short, Plaintiff's interpretation is untenable.

Plaintiff also argues that Defendant's explanation for looking at his file was pretext.  Regardless, there is no genuine dispute that Defendant could access the file, and that Plaintiff suffered no meaningful harm as a result.  Consequently, the Court agrees with the magistrate judge that a complaint or grievance about access by Defendant to Plaintiff's prisoner file would be frivolous.

Accordingly,

**IT IS ORDERED** that Plaintiff's objections (ECF No. 104) are **OVERRULED**.

**IT IS FURTHER ORDERED** that the Report and Recommendation (ECF No. 100) is **APPROVED** and **ADOPTED** as the Opinion of the Court.

**IT IS FURTHER ORDERED** that Defendant's motion for summary judgment (ECF No. 76) is **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiff's motion for summary judgment (ECF No. 64) and motion for prohibition on the use of a video (ECF No. 80) are **DENIED**.

**IT IS FURTHER ORDERED** that the Court declines to certify that an appeal would not be taken in good faith.

A judgment will enter in accordance with this Order.

Dated: September 20, 2022         /s/ Hala Y. Jarbou
                                  HALA Y. JARBOU
                                  CHIEF UNITED STATES DISTRICT JUDGE